NICOLA T. HANNA
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHARLES E. PELL (Cal. SBN 210309)
Assistant United States Attorney
Santa Ana Branch Office
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3542
     Facsimile: (714) 338-3561
     E-mail:   charles.e.pell2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

                        SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 16-00132-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT MOSES S. HALL |
| v. | |
| MOSES S. HALL, | Hearing Date: June 25, 2018 Hearing Time: 9:00 a.m. |
| Defendant. | Location:   Courtroom of the Hon. Cormac J. Carney |

     Pursuant to Rule 32 of the Federal Rules of Criminal Procedure,

plaintiff United States of America, by and through its counsel of

record, the United States Attorney for the Central District of

California and Assistant United States Attorney Charles E. Pell,

hereby files its sentencing position for defendant MOSES S. HALL.

     This sentencing position is based upon the attached memorandum

     ///

     ///

1  of points and authorities, the files and records in this case, and
2  such further evidence and argument as the Court may permit.
3   Dated: June 18, 2018              Respectfully submitted,
4                                     NICOLA T. HANNA
                                      United States Attorney
5
                                      DENNISE D. WILLETT
6                                     Assistant United States Attorney
                                      Chief, Santa Ana Branch Office
7
8                                     */s/ Charles E. Pell*
                                      CHARLES E. PELL
9                                     Assistant United States Attorney
                                      Santa Ana Branch Office
10
                                      Attorneys for Plaintiff
11                                    UNITED STATES OF AMERICA
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 6, 2017, pursuant to a written plea agreement (DE 19), defendant pleaded guilty to counts 12 (wire fraud) and 15 (interference with the tax laws) of the Indictment against him.  (DE 20 (minutes of change of plea hearing).)

On February 20, 2018, the United States Probation Office disclosed defendant's Presentence Investigation Report ("PSR").  (DE 26.)  The Probation Office determined that defendant's total offense level is 22 and his criminal history category is I.  (Id. at 3.)  With said offense level of 22, the PSR calculated the resulting Guidelines sentencing range as 41 to 51 months' imprisonment.  (Id.)

In its disclosed recommendation letter, the Probation Officer recommends downward variance from the Guidelines sentence to a sentence of 36 months of imprisonment, to be followed by 3 years of supervised release.  (DE 25 at 2.)

The government does not object to the Guidelines calculations of the Probation Office as set forth in the PSR, and agrees with Probation.

**II.  BACKGROUND**

**A.   Procedural Background**

Defendant pleaded guilty pursuant to a written plea agreement to counts 12 and 15 of the 16-count Indictment in which he is solely named. (PSR ¶¶ 1.)  Count 12 of the Indictment charges defendant with violating Title 18, United States Code, Section 1343 (wire fraud), and count 15 charges defendant with violating Title 26, United States Code, Section 7212(a) (obstructing the due administration of the IRS).  (Id. ¶¶ 3-4.)  In the plea agreement, the parties stipulated

that the following guidelines calculations are correct:

    Base Offense Level:         7  [U.S.S.G. § 2B1.1(a)(1)]

    $500k < Loss < $1.5mm:    +14  [U.S.S.G. § 2B1.1(b)(1)(H)]

    10+ victims:               +2  [U.S.S.G. § 2B1.1(b)(2)(A)(i)]

    Abuse trust/special skill +2  [U.S.S.G. § 3B1.3]

(Id. ¶ 5; DE 19 (Plea Agreement) ¶ 17.)  The parties also agreed that for the tax count (Count 15), the base offense level was 18 based upon a tax loss between $250,000 and $550,000 (U.S.S.G. § 2T1.1(a)(1), 2T4.1(G)), and that the additional two points for failure to report criminally-derived income applies (U.S.S.G. § 2T1.1(b)(1)).  (Id.)

    **B.    Factual Background**

        **1.    Facts admitted by defendant**

Defendant agreed to the following facts as part of the plea agreement and change of plea hearing:

- From 2008 to 2012, defendant, then a licensed attorney, engaged in a mortgage modification scheme, where he would tell clients that he could help them modify their loans. Defendant would instruct his victims to stop making their monthly mortgage payments to the bank, and instead to pay him the monthly mortgage payments in a reduced amount that he had calculated, assuring them that he would hold their funds in trust to use to negotiate with the banks to secure a loan modification.  Instead, defendant used the money for personal expenditures, or otherwise to support his law practice.

- As part of his scheme, on or about February 23, 2012, defendant sent an email message to victims T.M. and M.M.,

2

wherein defendant wrote "Everything fine I would talk to
you guys soon."  That was a lulling email, because within 6
months of victims T.M. and M.M. having given defendant
approximately $400,000 in 2009, defendant had already
dissipated those funds.  By letter dated February 29, 2012,
defendant confessed to T.M. and M.M. that his personal use
of their funds was wrong.

- In 2012, defendant was disbarred for his mortgage
modification fraud, after entering a stipulation of facts
where he admitted the fraud.  The state bar paid out a
total of $340,000 to 12 victims.

- Defendant also failed to file tax returns for tax years
2008-2012, even though he made more than the amount
triggering a filing requirement.  During those years,
defendant conducted many transactions in cash, including
withdrawing more than $1,000,000 in cash from 2008 to 2011,
often on the same day from multiple different locations and
different accounts.  In addition, when interviewed by the
IRS agents in December 2015, he made false statements to
them.  By taking the above actions, defendant knowingly
tried to obstruct or impede the due administration of the
federal Internal Revenue laws.

(DE 19 (plea agreement) at 8-9.)  In the plea agreement, the parties
further agreed that the loss from defendant's wire fraud scheme
exceeds $1,000,000, but is less than $1,500,000, and that the
applicable tax loss from defendant's unreported income from the 2008-
2012 tax years is approximately $300,000

1          **2.   Defendant committed wire fraud.**

2          Defendant would tell his clients/victims that he would help them

3    modify their mortgages by negotiating with the banks.  Defendant

4    would direct his clients/victims to stop paying their mortgages, and

5    instead to pay him a reduced monthly mortgage amount, which he told

6    them he had calculated.  Defendant would tell the victims that he

7    would hold that money in trust to use when negotiating with their

8    mortgage companies.  Unbeknownst to the victims, defendant would use

9    much of the clients/victims' money for himself instead.

10         Once defendant signed up the victims/clients, he would send

11   letters to those victims/clients, where he would inform them that he

12   had sent a demand letter to the lender, and that "[y]ou are

13   instructed to submit your first payment of [amount] to my office:"



25         And, when a victim/client failed to timely make the monthly

26   payments to defendant, he would send a payment reminder letter,

27   including offering payment arrangements:

4



**_LAW OFFICE OF MOSES S. HALL_**
2651 East Chapman Ave, Suite 110
Fullerton, California 92831
Telephone (714) 738-4830
Facsimile (714) 992-7916

January 28, 2011



Dear Mr.

Please remit your monthly payment of $ **$500.00** to my office.

**Amount Due = $ 1,400.00**

Due Date:  **NO LATER THAN February 10, 2010**

Please make the check payable to:  Trust Account of the Law Offices of Moses S. Hall and mail to:

Law Offices of Moses Hall
2651 East Chapman Ave., Ste 110
Fullerton, CA 92831

If you are having problems making your payments, please call to discuss payments arrangements so that you can meet the contract agreement.

Thank you in advance for your anticipated cooperation in this matter.

Sincerely,

Law Offices off Moses S. Hall

Over time, defendant failed to prevail in Court on behalf of his clients, and he ended up using the client's money to keep his law practice going, as well as for personal expenditures.  He even wrote a letter to two of the victims admitting that he had improperly spent their money:

5

*LAW OFFICES OF MOSES S. HALL*
2651 East Chapman Avenue, Suite 110
Fullerton, California 92831
Telephone (714) 738-4830
Facsimile (714)992-7916

February 29, 2012

Corona CA 92882-8046

Well the time has come to provide you with information that I knew someday I would have to explain. However, I was hoping when I explained this I would be holding a $700,000.00 check in my hand payable to you guys.

Last year I got really, really sick and almost died. In order to maintain your case and the office I used the monies you had entrusted to me. I was hoping on February 24, 2012 those monies would be awarded to you by the Court. The Court continued the hearing until March 16, 2012 and I will not be able to attend.

Smith is an attorney and knows your case very well, enclosed is his card. Please give him a call and let him go to the hearing on March 16, 2012 and see if the court issues a Judgment in your favor for $432,000.00.

If the court fails to award you the money I want you to contact Mr. Agustin Hernandez at the State Bar of California e-Mail Address: Agustin.Hernandez@calbar.ca.gov. Tell him the truth you gave me the money to hold for purchase of real property, not for attorney fees. My use was wrong. They have a fund that will reimburse you every penny.

I am so sorry.

Moses S. Hall

Sincerely,

Moses S. Hall
msh

Also, as admitted by defendant, he failed to file tax returns or pay taxes on hundreds of thousands of dollars in income.

## III. THE PSR'S CALCULATIONS AND PROBATION'S RECOMMENDATION

The PSR calculates defendant's Guidelines sentencing range as 41 to 51 months of imprisonment, based upon a total offense level of 22 and criminal history category of I. (DE 26 (PSR) at 3.)

6

The PSR's guidelines calculations are summarized as follows (PSR paragraph identified in parentheses):

Base Offense Level:          7  [U.S.S.G. § 2B1.1(a)(1)] (¶ 44)

$550k < Loss < $1.5mm:     +14  [U.S.S.G. § 2B1.1(b)(1)(I)](¶ 46)

10+ victims:               +2  [U.S.S.G. § 2B.1(b)(2)(A)](¶ 47)

Abuse of trust:            +2  [U.S.S.G. § 3B1.3](¶¶ 49-50)

Acceptance of Responsibility  −3  [U.S.S.G. § 3E1.1] (¶¶ 54-55)

**Total Offense Level:          22**

Criminal History Category:    I

Guidelines Range:          41 to 51 months

The Probation Officer recommends a downward variance to a sentence of 36 months' imprisonment, followed by 3 years of supervised release.  (DE 25 at 2.)

The government concurs in Probation's calculations, has no factual objections, and agrees with Probation.

**IV.   GOVERNMENT'S POSITION REGARDING SENTENCING**

**A.   Summary of the Government's Position**

The government agrees with the PSR's calculations that the applicable Guidelines sentencing range is 41-51 months of imprisonment.

However, the defense does raise some valid points about the underlying equities applicable to the sentencing of this particular defendant, under Section 3553(a)'s factors.

**B.   The Section 3553(a) Factors**

Under 18 U.S.C. § 3553(a), the Court should impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing as set forth in § 3553(a)(2).  The Court is to consider various factors in determining the particular sentence,

7

1   including:

2       (1) the nature and circumstances of the offense and the
        history and characteristics of the defendant; [¶] (2) the
3       need for the sentence imposed -- [¶] (A) to reflect the
        seriousness of the offense, to promote respect for the law,
4       and to provide just punishment for the offense; [¶] (B) to
        afford adequate deterrence to criminal conduct; [and] (C)
5       to protect the public from further crimes of the defendant;
        . . . [¶] (4) the kinds of sentence and the sentencing
6       range established [in the Sentencing Guidelines]; . . . [¶]
        (6) the need to avoid unwarranted sentence disparities
7       among defendants with similar records who have been found
        guilty of similar conduct; and [¶] (7) the need to provide
8       restitution to any victims of the offense.

9   18 U.S.C. § 3553(a).

10      The factors are address below.

11          1.   **Nature, Circumstances, and Seriousness of the Offenses**

12      Defendant admitted to wire fraud and tax fraud, in his mortgage

13  modification legal practice.   Those are serious offenses, and

14  involved a lot of money, and multiple victims.

15      However, as noted by defendant in his letter to the Court as

16  well as in defendant's sentencing position paper, defendant does not

17  appear to have been motivated completely by fraud.

18          2.   **Defendant's History and Characteristics**

19      Defendant's history and characteristics reflect significant

20  mitigation in this case.   While defendant did commit some heinous

21  crimes in his youth, his recovery and rehabilitation of obtaining a

22  college degree, followed by graduating law school and becoming an

23  attorney, cannot be overstated, and are to be lauded.

24      Unfortunately, defendant appears to have again succumbed to some

25  substance abuse, and did, ultimately, hurt others by his behavior,

26  including being involved in victims who lost their homes.   Again,

27  however, the facts appear to show that defendant was not motivated

28  solely by greed, but rather did appear to have been attempting to

                                    8

1   assist many of the homeowners to avoid losing their homes.

2   **3.   Adequate Deterrence to Defendant and the Public**

3   The sentence in this case must convey to defendant that

4   committing the federal felonies of wire fraud and tax fraud are

5   serious matters that can result in years in federal prison.  On the

6   other hand, these appear to be defendant's first white collar crimes,

7   and the circumstances of the crimes do not appear that there is a

8   high likelihood that defendant will himself repeat.

9   The need for public general deterrence also supports a custodial

10  sentence.  Attorneys need to know that they will be held accountable

11  by the United States of America, and can be imprisoned for years in

12  federal prison, if they defraud their clients.

13  **4.   Need to Protect the Public from Defendant**

14  The government does not believe that this factor applies in this

15  case to a large extent.

16  **5.   Need to Avoid Unwarranted Sentence Disparities**

17  A limited custodial sentence for an attorney in a fraud

18  involving a loss of approximately $1 million and multiple victims

19  could constitute a disparate sentence.  On the other hand, there are

20  not many defendants similarly situated to defendant's case, based

21  upon the unique circumstances of the crimes as well as defendant's

22  own facts and circumstances.

23  **V.   RESTITUTION**

24  Defendant agreed to pay restitution, and the government agrees

25  with the Probation Officer's recommendation of restitution.

26  **VI.  CONCLUSION**

27  Defendant committed serious federal felonies, and people were

28  hurt.  However, as noted by the defense, defendant did not appear to

9

be solely motivated by greed.  Moreover, the Section 3553(a) factors are extremely important in this case, given the unique facts and circumstances, as well as defendant's unique background.  Thus, as discussed above, Probation's sentencing recommendation is not unreasonable.